UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:17-676(S)-5 |
| | § | CIVIL NO. 2:18-245 |
| AARON ELIAS GONZALEZ- | § | |
| GONZALEZ, | § | |
|   Defendant/Movant. | § | |

**MEMORANDUM OPINION & ORDER**

Defendant/Movant Aaron Elias Gonzalez-Gonzalez filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. (D.E. 127), to which the United States of America (the "Government") responded (D.E. 140) and Movant replied (D.E. 150).[1] With the Court's permission, Movant filed an amended § 2255 motion and memorandum in support (D.E. 156), to which the Government responded (D.E. 168) and Movant replied (D.E. 178).

**I. BACKGROUND**

Border Patrol agents tracking a group of men through the brush near the Texas–Mexico border found Movant and five others near several makeshift backpacks containing a total of 100.27 kilograms of marijuana. The men told investigating agents that they were being smuggled into the United States by four guides who had instructed them to carry the marijuana as they travelled through the brush; however, the guides escaped apprehension. Movant told agents that he was a Mexican citizen who had paid smugglers to transport him into the United States and that he had helped carry the marijuana because he would otherwise have been left behind in the brush.

---

1. Docket entries refer to the criminal case.

All six men were charged with conspiracy to possess with intent to distribute more than 100 kilograms of marijuana (Count 1) and possession with intent to distribute more than 100 kilograms of marijuana (Count 2). On January 22, 2018, Movant pled guilty to possession with intent to distribute approximately 100.27 kilograms of marijuana (Count 2), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). In exchange for his guilty plea, the Government agreed to dismiss Count 1 and recommend that Movant receive maximum credit for acceptance of responsibility and a sentence within the applicable guideline range. As part of his written Plea Agreement, Movant waived his right to appeal his conviction or sentence or to file a motion under 28 U.S.C. § 2255, except to raise a claim of ineffective assistance of counsel.

The Presentence Investigation Report (PSR, D.E. 84) assigned Movant a base offense level of 24 based on drug quantity. After a three-level adjustment for acceptance of responsibility, the resulting advisory Guideline range for Level 21, Criminal History Category II, was 41–51 months' imprisonment; however, Movant was subject to a mandatory minimum sentence of 5 years under 21 U.S.C. § 841(b)(1)(B). Counsel did not file any objections to the PSR, which the Court adopted without change.

Movant was sentenced to a mandatory minimum 60 months' imprisonment, to be followed by 4 years' supervised release. Judgment was entered April 24, 2018. Movant did not appeal. He filed the present motion on August 7, 2018, and he amended his motion on April 9, 2019. Both filings are timely.

**II. MOVANT'S ALLEGATIONS**

Movant's original § 2255 motion raises the following claims:

1. Trial counsel was constitutionally ineffective at the plea bargaining stage because she told Movant he would only be held responsible for one sixth of the 100.27 kilograms of marijuana because there were six coconspirators;

2. There exists a sentencing disparity between Movant and one of his codefendants;

3. Movant's sentence exceeded his 41–51 month recommended range under the Sentencing Guidelines; and

4. Trial counsel was ineffective for failing to investigate and present mitigating evidence that Movant paid "tour guides" $3500 to come to the United States, but was "forced at gun point to traffic the marijuana." D.E. 127, p. 5.

Movant's amended § 2255 motion adds the following claims alleging ineffective assistance of counsel:

1. Counsel did not advise Movant that he was subject to a mandatory minimum 5-year sentence;

2. Counsel did not advise Movant that he could have entered into an open plea;

3. Counsel did not consult with Movant regarding his appellate rights; and

4. Counsel should have foreseen the passing of the First Step Act of 2018 and argued for safety valve.

**III. 28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

## IV. ANALYSIS

### A. Ineffective Assistance of Counsel

#### 1. Legal Standard

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id*. at 689–90. With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim." *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997). "A court need not address both components of the inquiry if the defendant makes an insufficient showing on one." *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).

## 2. Analysis

### a. Incorrect Advice Regarding Sentencing Exposure

Movant initially claimed that trial counsel was constitutionally ineffective at the plea bargaining stage because she advised him that he would only be held responsible for one sixth of the total 100.27 kilograms of marijuana because there were six co-conspirators. In his amended motion, he further alleges that counsel did not advise him that he was subject to a mandatory minimum 5-year prison sentence. "Instead, counsel [ ] presented the plea agreement to [Movant] during a drive by consultation indicating for him to 'sign it' or he would be looking at a sentence up to 40-years in prison." D.E. 156, p. 11.

Movant's trial counsel, Michele Villarreal-Kutchta ("Counsel"), filed a sworn affidavit responding to these claims. Villarreal-Kutchta Aff., D.E. 164. Counsel states that she and Movant "discussed the nature of the offense and the possible range of punishment as being as low as a mandatory minimum of five years AND up to 40 years in prison." *Id.* ¶ 1. She further "advised him that all defendants would be held accountable for the total amount in all the backpacks, collectively, and that the Government is not going to divide the drug weight." *Id.* ¶ 9.[2]

---

2. Movant repeatedly claims that this advice was erroneous, and Counsel should have known that he should not have been held accountable for all the marijuana, citing *Alleyne*, *Haines*, and *Benitez*.

Alleyne was sentenced to a mandatory minimum 7-year sentence under 18 U.S.C. § 924(c)(1)(A)(ii) for "brandishing" a firearm during a crime of violence, even though the jury form merely indicated that he "used or carried" a firearm. *Alleyne v. United States*, 570 U.S. 99, 104 (2013). In vacating his sentence, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.* at 103. The defendants in *Haines* were convicted of conspiracy to possess with intent to distribute more than one kilogram of heroin; however, the jury did not make a finding as to "the amount which each defendant knew or should have known was involved in the conspiracy." *United States v. Haines*, 803 F.3d 713, 741 (5th Cir. 2015) (citing *Alleyne*). The Fifth Circuit held that "for purposes of statutory minimums at sentencing, the relevant quantity is the quantity attributable to the individual defendant." *Id.* at 742. Finally, the three defendants in *Benitez* were convicted of conspiracy to manufacture or distribute five or more kilograms of cocaine. *United States v. Benitez*, 809 F.3d 243, 250 (5th Cir. 2015). "Because *Haines* was decided after these defendants were sentenced, the judge determined the drug quantities attributable to each defendant, rather than submitting that question to the jury." *Id.* at 250. Two of the three defendants were sentenced to terms of imprisonment well above the mandatory minimum; thus, the Fifth Circuit found their rights were unaffected. *Id.* A third defendant, however, was sentenced to life

The Court need not make a credibility determination on this claim because Counsel's affidavit is consistent with Movant's sworn testimony during his rearraignment hearing, which is entitled to a strong presumption of truthfulness. *See United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (statements made under oath in open court "carry a strong presumption of verity" and create a "formidable barrier" in subsequent proceedings)). Movant testified under oath at rearraignment that Counsel read the plea agreement to him and explained it to him, and that he understood its terms. 1/22/2018 Rearraign. Hrg. Tr., D.E. 156 at 13:14-24, 14:3-12. He said he understood that "because of the quantity of marijuana [he would] be held responsible for, [his] penalty range is a minimum mandatory range of five years in prison up to 40 years in prison." *Id.* at 17:11-25. Movant further stated he had discussed the Sentencing Guidelines with Counsel and understood how they may apply in his case. *Id.* at 18:25–19:8. He also understood that his advisory guideline range would be subject to any mandatory minimum that would apply. *Id.* at 19:20–20:12. Finally, Movant stated that he was satisfied with Counsel's representation. *Id.* at 10:13-16.

Movant's claim that counsel was ineffective for failing to adequately inform him of his potential sentencing exposure is belied by his own sworn testimony. This claim is denied.

---

imprisonment because he had previously been convicted of two or more drug felonies. *Id.* The Fifth Circuit vacated and remanded the third defendant for resentencing, finding the district court mistakenly believed that he was subject to a mandatory life sentence. *Id.*

Here, Movant did not go to trial, and he was not convicted of a drug conspiracy. He pled guilty to possessing 100.27 kilograms of marijuana. His sentence was based on his plea and stipulation of facts at rearraignment, and not on any judicial fact-finding that should have been done by a jury. Thus, *Haines*, *Benitez*, and *Alleyne* are inapposite, and counsel's advice was not erroneous. The Court further notes that because Movant was directly involved with and aware of the marijuana being transported in all five backpacks, he still would have been held accountable for all 100.27 kilograms of marijuana had he pled guilty to the conspiracy charge instead. *See Haines*, 803 F.3d at 741 (quoting *United States v. Guajardo*, 391 Fed. App'x 384, 386 (5th Cir.2010) ("For sentencing purposes, a defendant is accountable only for the drug quantity with which he was directly involved, and all reasonably foreseeable quantities of marijuana within the scope of the joint criminal activity.").

### b. Failure to Investigate and Present Mitigating Evidence

Movant next claims that counsel was ineffective for failing to investigate and present mitigating evidence that he paid "tour guides" $3500 to come to the United States, but was instead "forced at gun point to traffic the marijuana." D.E. 127, p. 5. He states that evidence arose at sentencing "indicating that a mitigating factor of duress was present in this case where [Movant] testified that he was threatened by the group of human traffickers . . . that if he did not carry one of the backpacks of marijuana for them, his sister would be harmed in Mexico." D.E. 156, p. 7, n.3. In response, Counsel stated that they discussed Movant's claim that he was coerced into carrying the backpack filled with drugs, and his "focus was making it known to all that he was coerced into carrying the backpack." Villarreal-Kuchta Aff. ¶¶ 1, 2. She explained to him "[t]hat it would ultimately be up to the jury to believe or not believe the story of coercion in the event he decided to go forward with a jury trial and further decided to testify." *Id.* ¶ 3.

There is nothing in the record to show that Movant told interviewing Homeland Security agents that he had been forced at gunpoint to carry the marijuana or that the guides had threatened his sister. There is also nothing in the record indicating that any of Movant's co-defendants had seen a gun, witnessed Movant being threatened, or been threatened themselves. Instead, all told a similar story—that they had agreed to carry the backpacks containing marijuana either for a reduced smuggling fee or out of fear of being left behind in the brush. *See* PSR, D.E. 84 ¶¶ 7–13.

Under *Strickland*, a petitioner "who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the [case]." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citing *Alexander v. McCotter*, 775 F.2d 595 (5th Cir. 1985)). *See also United States.*

*v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014). Here, Movant "has failed to suggest with specificity what exculpatory evidence could have been uncovered by a more thorough investigation by his counsel, and has failed to show that counsel's [purported] failure to follow up on his leads was unreasonable." *Green*, 882 F.2d at 1002. This claim is denied.

### c. Failure to Advise Regarding Open Plea

Movant next complains that counsel was ineffective for failing to advise him that he could have pled guilty pursuant to an "open plea" instead of pursuant to a written plea agreement with the Government. Movant states that "[t]his lack of advice on the part of counsel" prevented him from making an informed decision and "attempt[ing] to negotiate a more favorable plea agreement without a mandatory minimum" that also preserved his right to appeal. D.E. 156, p. 9. In response, Counsel states that she did explain to Movant "that he does NOT have to sign the plea papers and can pled guilty without the plea bargain, keep his rights to appeal, but that the Government would not be obligated to recommend a sentence within the guideline range." Villarreal-Kutcha Aff. ¶ 5.

An "open plea" is simply a plea to existing charges without a plea agreement. *See United States v. Guice*, 2012 WL 2133651, at *1 (S.D. Miss. June 11, 2012). An open plea, however, does not change the charge to which a defendant is pleading guilty. Movant was charged with conspiracy and possession with intent to distribute more than 100 kilograms of marijuana. Each charge carried a mandatory minimum sentence of 5 years' imprisonment, regardless of whether Movant entered an open plea or pled guilty with a plea agreement. Moreover, an open plea would have required Movant to plead guilty to both counts of the Superseding Indictment, not just the possession charge.

Movant further argues that he was prejudiced by not being able to appeal his sentence and the drug quantity attributable to him. This claim is without merit. Movant pled guilty to possession with the intent to distribute more than 100 kilograms of marijuana. In light of the record, any appeal regarding the applicable drug weight for purposes of the 5-year mandatory minimum would have been frivolous. *See United States* v. *Salinas-Capistran*, 133 F. App'x 112, 113 (5th Cir. 2005) ("[B]ecause both the indictment . . . and the factual basis for [defendant's] plea stipulated that the offense involved more than 1,000 kilograms, specifically 1,050 kilograms, of marijuana . . . . [defendant's] valid plea forecloses his challenge to the amount of drugs attributed to him for sentencing purposes.").

Movant cannot show that counsel's alleged failure to advise him that he could enter an open plea caused him any prejudice. This claim is denied.

### d. Failure to Consult Regarding Appellate Rights

Movant next complains that counsel failed to "advise and consult" with him regarding "the filing of a Notice of Appeal and a merits brief in support thereof." D.E. 156, p. 17.

In cases where the defendant fails to instruct counsel to file a notice of appeal, the court must determine "whether counsel in fact consulted with the defendant about an appeal." *Roe v. Flores–Ortega*, 528 U.S. 470, 478 (2000). To "consult" means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* The Supreme Court has held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. "Only by considering all relevant factors in a given

9

case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal." *Id.* "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

Movant does not allege that he reasonably demonstrated to counsel that he was interested in appealing, but instead claims that counsel should have inferred that he wanted to appeal the drug quantity individually attributed to him under *Alleyne*, *Haines*, and *Benitez*. He appears to argue that this issue presented a non-frivolous ground for appeal. As set forth *supra*, any appeal regarding the applicable drug weight for purposes of the 5-year mandatory minimum would have been frivolous. *See Salinas-Capistran*, 133 F. App'x at 113; *Haines*, 803 F.3d at 741. This claim is denied.

### e. Failure to Argue for Safety Valve

Movant further alleges that counsel was ineffective for "failing to observe the then pending legislative changes to the safety valve's eligibility criteria promulgated by the First Step Act," and thus failing to negotiate a plea agreement with the Government that would have entitled Movant to the application of safety valve or preserved his right to argue for the application of safety valve on appeal. D.E. 156, p. 16.

The First Step Act was signed into law on December 21, 2018, nearly a year after Movant pled guilty and eight months after judgment of conviction was entered in this case. He cites no authority supporting his claim that an attorney should be deemed ineffective for failing to anticipate such a change in the law. Moreover, Section 402 of the First Step Act, which amends 18 US.C. § 3553 and expands the safety valve, explicitly states that it "shall apply only to a

conviction entered on or after the date of enactment of this Act." PL 115-015, _____, 2018, 132 Stat. 015. Even if counsel had foreseen the eventual passage of the First Step Act, this provision would not have benefitted Defendant at sentencing or on appeal.

Movant has failed to show that counsel's performance was deficient or that he was prejudiced. This claim is denied.

### B. Sentencing Disparity

Movant next complains that one of his codefendants was sentenced to 24 months' imprisonment, but "the rest of us received more time." D.E. 127, p. 4.

"A motion under § 2255 is not the place to complain of a sentencing disparity." *Habib-Rodriguez v. United States*, 2008 WL 2225673, at *1 (S.D. Tex. 2008) (citing *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995)). Moreover, because Movant could have raised this claim on direct appeal but did not, it is procedurally defaulted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) ("[R]eview of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice."); *see also United States v. Hampton*, 99 F.3d 1135, at *2 (5th Cir. 1996) (unpublished) (affirming dismissal of sentencing disparity claim as procedurally defaulted). This claim is denied.

### C. Sentence in Excess of Sentencing Guidelines

Finally, Movant complains that his 60-month sentence exceeded his 41–51 month Guideline range. As set forth *supra*, Movant was subject to a mandatory minimum sentence of 5 years under 21 U.S.C. § 841(b)(1)(B), which superseded his recommended range under the Guidelines. Moreover, because Movant could have raised this claim on direct appeal but did not, it is procedurally defaulted. This claim is denied.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As for claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329. Accordingly, Movant is not

entitled to a COA as to his claims.

## VI. CONCLUSION

For the foregoing reasons, Movant's § 2255 motion and amended § 2255 motion (D.E. 127, 156) are **DENIED**, and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 3rd day of December, 2019.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE